IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Tim Bivings,<br><br>                      Plaintiff,<br><br>   vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>                      Defendant. | Civil Action No. 6:11-1052-JFA -KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## PROCEDURAL HISTORY

The plaintiff filed applications for disability insurance benefits and supplemental security income benefits on January 5, 2007, alleging that he became unable to work on March 10, 2006. The applications were denied initially and on reconsideration by the Social Security Administration. On May 3, 2007, the plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom the plaintiff appeared on June 8, 2009, considered the case *de novo*, and on September 22, 2009, found that the plaintiff was not

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on March 9, 2011.

The plaintiff filed this action for judicial review on May 2, 2011. On November 10, 2011, the plaintiff filed a brief in support of his case. On January 27, 2012, the defendant moved this court to enter a judgment with an order of reversal and remand of the cause to the Commissioner for further administrative proceedings. Under sentence four of 42 U.S.C. § 405(g), the court has power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *See Shalala v. Schaefer*, 509 U.S. 292, 296-98 (1993).

The defendant states in its motion for remand that, after additional consideration, further administrative action is necessary in this case. The plaintiff did not file any opposition to the motion. After filing his initial claims, the plaintiff filed a second set of disability benefits applications that were allowed by an ALJ decision dated October 11, 2011. Here, the time limit to reopen the plaintiff's Title XVI claim has expired. Accordingly, the Commissioner states that upon remand by the court, the Appeals Council will not disturb the plaintiff's Title XVI claim, but will reopen and consolidate the plaintiff's Title II claims. The Appeals Council will then assign this case to an ALJ to: (1) further evaluate the plaintiff's mental impairment in accordance with the special technique, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in C.F.R. § 404.1520a(c); (2) further consider the plaintiff's school records; (3) reconsider whether the plaintiff's condition meets or equals Listing 12.05; (4) re-evaluate the plaintiff's medical evidence pursuant to the provisions of Social Security Rulings 96-2p, 96-5p and 96-6p and explain the weight given to such opinion evidence; (5) give further consideration to the plaintiff's maximum residual

2

functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations; and, (6) if warranted by the expanded record, obtain supplemental evidence from a vocational expert.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the district court grant the Commissioner's unopposed motion to remand (doc. 17), the Commissioner's decision be reversed, and the case be remanded to the Commissioner for further administrative action as set forth above.

IT IS SO RECOMMENDED

s/Kevin F. McDonald
United States Magistrate Judge

April 5, 2012
Greenville, South Carolina